


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>TRAVIS CHELBERG,<br><br>Defendant-Movant. | Civ. Case No.   13cv453 BTM<br>Crim. Case No. 09cr365 BTM<br><br>**ORDER DENYING § 2255 MOTION AND GRANTING A CERTIFICATE OF APPEALABILITY** |

Defendant Travis Chelberg has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. PROCEDURAL BACKGROUND

On February 5, 2009, a grand jury sitting in the Southern District of California returned a two-count indictment against Defendant, charging him with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g), and 924(a)(1).

On May 28, 2009, the grand jury returned a three-count superseding indictment that included the additional charge of a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846.

On February 12, 2010, a second superseding indictment was returned, charging Defendant with one count of being a felon in possession of a firearm and one count of conspiracy to distribute methamphetamine.

On May 7, 2010, in a separate criminal case (10cr1753 BTM), Defendant was charged with assaulting an inmate with the intent to dissuade him from testifying in a separate case.

On June 21, 2010, the United States filed a notice of its intent to seek an enhanced penalty under 21 U.S.C. §§ 841, 846, and 851 based on Defendant's prior conviction for a felony drug offense.

On December 3, 2010, a superseding information was filed, charging Defendant with one count of assault within the special maritime and territorial jurisdiction of the United States with the intent to commit a felony (witness tampering) in violation of 18 U.S.C. §§ 113(a)(2) and 7, and one count of being a felon in possession of a firearm.

On December 3, 2010, Defendant pled guilty to the superseding information. Defendant entered his plea of guilty pursuant to a written plea agreement ("Plea Agreement"). (Doc. 129.) In the Plea Agreement, Defendant and the government agreed that Defendant was a career offender (Plea Agreement § X, ¶ D.)  The parties agreed to jointly recommend that Defendant be sentenced to 14 years (168 months).  (Plea Agreement § X, ¶ G.)  In exchange for the government's concessions, Defendant agreed to waive any right to appeal or collaterally attack the conviction.  (Plea Agreement § XI.)

On February 24, 2012, the Court sentenced Defendant to a term of 168 months in accordance with the joint recommendation of the parties. The Court reasoned that taking into consideration the serious nature of the offenses, including an assault with a razor blade, and the fact that the government was dismissing a case where there was a mandatory minimum sentence of 20 years to life based upon a methamphetamine charge, anything less than 168 months

would not accomplish the purposes of § 3553(a).  (Tr. of Sent. Hr'g (Gov't Ex. 2) 52-54.)  Although Defendant did not agree that he qualified as a career offender, the Court found that he was a career offender based on two qualifying offenses - a 1996 conviction for assault with a firearm (Cal. Penal Code § 245(a)(2)) and a 1999 conviction for possession of a controlled substance for sale (Cal. Health & Safety Code § 11378).

## II. DISCUSSION

Defendant seeks to vacate his sentence on the ground that he is not a career offender.  Defendant contends that (1) his attorney, Knut Johnson, provided ineffective assistance of counsel in failing to properly research whether Defendant's prior convictions qualify as predicate felony convictions for purposes of USSG § 4B1.1, and failing to advise Defendant that he was not a career offender; and (2) the Court erred in finding that he was a career offender and sentencing him to 168 months.

The government argues that Defendant waived his right to collateral attack in the Plea Agreement.  A waiver of collateral attack of a conviction is enforceable if voluntarily and knowingly made. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  However, a defendant's waiver of collateral attack likely does not bar claims that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing "doubt" that such a waiver could be enforceable in a § 2255 context).

It appears that Defendant argues that his waiver was not knowing or

voluntary because his attorney failed to investigate his career offender status and did not inform him that he was not a career offender. Accordingly, the Court will proceed to the merits of Defendant's ineffective assistance claim.

1. Ineffective Assistance of Counsel Claim

Defendant claims that his attorney, Knut Johnson, provided ineffective assistance of counsel because he failed to investigate whether Defendant's prior convictions qualify as predicate felony convictions for purposes of USSG § 4B1.1, and failed to properly advise Defendant regarding his career offender status. Defendant's claim lacks merit.

To prevail on a claim on ineffective assistance of counsel, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for his counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance." Id. at 689.

Defendant's ineffective assistance claim rests on the premise that Defendant does not qualify as a career offender. Defendant advances several arguments regarding why he does not qualify as a career offender. However, none of these arguments is persuasive.

Defendant's first argument is that his 1999 conviction for possession of a controlled substance for sale (San Diego County Superior Court Case No. SCD 142566) does not qualify as a predicate felony conviction because that case was "consolidated" with another case (San Diego County Superior Court Case No. SCD 144765), involving a conviction for transportation of a controlled

substance in violation of Cal. Health & Safety Code § 11379(a).[1]  Defendant argues that because the two convictions are related, the Court can only rely on the longer sentence, which was given for the transportation conviction.

As explained by the Court at the sentencing hearing, the sentence for Defendant's conviction for possession for sale and the sentence for Defendant's conviction for transportation are counted as separate sentences because the sentences were imposed for offenses that were separated by an intervening arrest.  (Tr. of Sent. Hr'g at 20-21.)  Guideline § 4A1.2 provides, "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."  Thus, "sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing." United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir. 1993).

Defendant argues that there are no documents proving that he was arrested on different dates.  However, the presentence report indicated that Defendant was arrested on January 29, 1999 for the possession charge and was arrested on May 10, 1999 for the transportation charge.  (Doc. 142 at 10-11.)  At the sentencing hearing, the Court asked defense counsel whether he agreed that since the offenses were separated by different arrest dates, they both score. (Tr. of Sent. Hr'g at 21:11-13.) Mr. Johnson replied that he thought the Court was correct under the Guidelines.  (Id. at 21:14-15.)  Immediately afterwards, the Court asked Defendant if there was anything that he believed was a mistake in the Criminal History Report other than what had already been

---

[1] At the sentencing hearing, the Court explained that it could not determine whether the transportation offense qualified as a predicate offense without undergoing the modified categorical approach.  Therefore, the Court did not rely on the transportation conviction in finding that Defendant was a career offender.

discussed. (Id. at 21:23-25.) Defendant replied, "No." (Id. at 21:25.) Defendant never said that the arrest dates in the report were inaccurate and even now does not claim that his arrests occurred on the same day. Indeed, when pleading guilty to violating Health & Safety Code § 11379, Defendant also pled guilty to an enhancement for committing the offense while he was on his own recognizance or released on bail on another felony case. (Tr. of May 24, 1999 Change of Plea Hearing (attached to § 2255 motion), 4:2-9.)

At any rate, in finding that Defendant was a career offender, the Court did not rely on the transportation conviction. Therefore, it is irrelevant whether the sentences for the two convictions are "related" - the Court could still count the possession conviction as a predicate offense. In arguing that the Court would be limited to relying on the transportation conviction, which carried a longer sentence, it appears that Defendant misconstrues § 4A1.2(a)(2), which states, "For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed." Section 4A1.1(a), (b), and (c) pertain to the calculation of points to determine criminal history category, not the utilization of a prior felony conviction for purposes of determining career offender status.

Next, Defendant argues that his 1996 conviction for assault with a firearm (Cal. Penal Code § 245(a)(2)) does not qualify as a predicate felony conviction because Defendant did not receive a sentence of more than one year. According to Defendant, the sentence imposed on him was 365 days and had already been served when he received a three-year sentence in 1999 for probation violation. Even assuming Defendant's sentence was only 365 days, his 1996 conviction still qualifies as a predicate felony conviction. Application Note 1 to USSG § 4B1.2 explains:

> "Prior felony conviction" means a prior adult federal or state conviction of an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*.

(Emphasis added.) Cal. Penal Code § 245(a)(2) provides that any person who commits assault with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year. Thus, the offense of assault with a firearm is *punishable* by imprisonment for a term exceeding one year, no matter what sentence Defendant actually received. See United States v. Davis, 932 F.2d 752, 763 (9th Cir. 1991) (following the Application Note to USSG § 4B1.2 and concluding that the defendant's offense was *punishable* by imprisonment for a term exceeding one year even though the defendant claimed he was sentenced for a misdemeanor). In any event, Defendant was originally sentenced to 365 days in custody and a three-year term of probation, but his probation was eventually revoked and he received a sentence of three years imprisonment. Under USSG § 4A1.2(k)(1), which also applies to the determination of which offenses qualify as career offender predicate offenses (USSG 4B1.2, note 3), the total sentence defendant received for the 1996 conviction was four years (the original 365 days plus three years on revocation).

Defendant also argues that his 1996 and 1999 convictions cannot serve as predicate offenses for purposes of § 4B1.1 because the convictions were unconstitutional. With respect to the 1996 conviction, Defendant argues that his guilty plea was not knowing or voluntary because the judge did not tell him the maximum term of imprisonment his offense carried. Defendant also claims that his lawyer provided ineffective assistance of counsel because he did not explain the maximum penalty and did not know the facts of his case. Defendant explains that he entered into the plea agreement because the judge

and his lawyer were law school friends and he felt pressured to enter into the agreement. Defendant denies the factual basis of his plea.

With respect to the 1999 possession conviction, Defendant argues that he was confused and did not know what he was pleading to because there were multiple charges and different arrest dates. Defendant claims that the charging documents were never read to him and that he never admitted the factual basis of his plea.

The problem with Defendant's arguments regarding the validity of his prior convictions is that a motion under § 2255 cannot be used to collaterally attack prior convictions used to enhance a federal sentence unless the defendant claims that he was denied the right to appointed counsel. Daniels v. United States, 532 U.S. 374, 382 (2001). Defendant does not raise a challenge concerning Gideon v. Wainwright, 372 U.S. 335 (1963). Therefore, Defendant cannot use the instant motion as a vehicle for challenging the constitutionality of his prior convictions.

The Supreme Court explains that if a prior conviction has not been set aside on direct or collateral review at the time of sentencing, that conviction is presumptively valid and may be used to enhance the federal sentence. Daniels, 532 U.S. at 382. After an enhanced federal sentence has been imposed, the defendant may pursue any channels of direct or collateral review still available to challenge his prior convictions. Id. If the defendant successfully challenges the underlying conviction, then the defendant may apply for the reopening of his federal sentence. "If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." Id.

The Court expresses no opinion regarding the merits of Defendant's

challenges to his state convictions or whether there are any channels that remain open for Defendant to appeal or collaterally attach his convictions. The Court rules only that because Defendant's convictions have not been set aside at this time, Defendant's counsel could not challenge the conviction at the time of sentencing (USSG § 4A1.2, note 6), and Defendant cannot here collaterally attack the convictions by way of his § 2255 motion.

Defendant has not established that there is any valid argument supporting his position that he is not a career offender.  Therefore, Defendant has not shown that his attorney, Knut Johnson, was ineffective in failing to investigate his career offender status or advising him regarding the career offender issues.

### 2. Alleged Court Error

For the same reasons that Defendant cannot prevail on his ineffective assistance claim, Defendant cannot establish that the Court erred in finding that he qualifies as a career offender.

Furthermore, Defendant is barred by his waiver of collateral attack from arguing that the Court should not have found him to be a career offender and should have given him a lesser sentence.  The Plea Agreement states that Defendant is a career offender and that the parties will jointly recommend a sentence of 168 months. (Plea Agreement § X, ¶¶ D, G.) The Plea Agreement also provides that "defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence." (Plea Agreement § XI.)  At the sentencing hearing, Defendant confirmed that he had indeed waived his right to appeal or collaterally attack his sentence and conviction. (Tr. of Sent. Hr'g at 57:22-58:1.)  Defendant cannot now complain about his sentence, which conforms to the terms of the Plea Agreement and cannot be any surprise to him.

The Court reminds Defendant that he did in fact receive a benefit from his bargain. As explained by the Court at the sentencing hearing, Defendant was facing a mandatory minimum sentence of 20 years and could have received a longer sentence under the guidelines.

3. Request for Counsel

In his reply, Defendant requests appointment of counsel. Prisoners do not have a constitutional right to counsel when collaterally attacking their convictions. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990). Under 18 U.S.C. § 3006A(a)(2)(B), the court may provide representation to any financially eligible person whenever the court determines that "the interests of justice so require." In making this determination, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Court denies Defendant's request for appointment of counsel because the Court finds that Defendant is unlikely to succeed on the merits, and Defendant has proven himself capable of presenting his arguments to the Court without any assistance.

### III. CONCLUSION

For the reasons discussed above, Defendant's § 2255 motion is **DENIED**. The Court **GRANTS** a Certificate of Appealability on all of the claims raised in Defendant's motion.

**IT IS SO ORDERED.**

DATED: February 5, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court